**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EDWARD HAROLD STEVENS WRIGHT,    )
    )
    Plaintiff,    )
    )
    v.    )    Civil Action No. 26-321
    )
LAWRENCE J. KEITH,    )
    )
    Defendant.    )

## <u>MEMORANDUM ORDER</u>

On February 24, 2026, Plaintiff Edward Harold Stevens Wright ("Plaintiff") filed his Complaint in this matter, naming as the sole defendant Lawrence J. Keith ("Defendant"). (Docket No. 1). On March 24, 2026, a "Motion to Dismiss the Complaint on behalf of Defendant the Honorable Lawrence J. Keith" ("Motion to Dismiss" or "Motion") and brief in support, seeking dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), were filed. (Docket Nos. 4, 6).

Under this judicial officer's practices and procedures, Plaintiff's response to Defendant's Motion to Dismiss was due by April 14, 2026. Plaintiff did not file a response by that date or thereafter, nor did he ask the Court for an extension of time in which to respond. Therefore, several weeks later, on May 6, 2026, the Court issued an Order instructing Plaintiff to respond to the Motion to Dismiss by May 27, 2026, and warning Plaintiff that failure to respond to the Motion would result in dismissal of this matter pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Docket No. 7). To date, Plaintiff has yet to file any response to Defendant's Motion to Dismiss, nor has he asked the Court for additional time in which to file a response.

A district court has the inherent power to dismiss a case under Rule 41(b) due to a plaintiff's failure to prosecute his case or to comply with an order of court. *See Guyer v. Beard*, 907 F.2d

1

1424, 1429 (3d Cir. 1990). As the United States Court of Appeals for the Third Circuit has explained, "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id.* In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth the following six-factor balancing test for courts to use when considering whether dismissal of a case is an appropriate sanction for failure to prosecute or obey orders: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to prosecute or obey orders; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, including an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *See id.* at 868-70. Notably, not all of these factors need to weigh in favor of dismissal for dismissal to be warranted. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

First, since Plaintiff is proceeding *pro se* in this matter, he alone is responsible for prosecuting his case and complying with the Court's orders. Second, Plaintiff's case is stymied due to his failure (or refusal) to prosecute it, as his failure to respond to the Motion unnecessarily drags out this litigation and unfairly prejudices Defendant, who has timely moved to dismiss the Complaint. Third, while Plaintiff has not shown dilatory behavior in the past in this case, he presently has a total of five (5) cases pending before this judicial officer – several of which name some of the same defendants, and all of which appear to be related (at least to some extent) to the same series of events. In some of those other cases, Plaintiff has also failed to abide by deadlines for which the Court has had to issue orders to show cause why the complaints in those cases should not be dismissed. Fourth, since there is no indication on the record that Plaintiff's conduct is the

result of "excusable neglect," the Court can only conclude at this juncture that Plaintiff's failure to respond is willful. Fifth, since Plaintiff is proceeding *pro se*, the imposition of costs or fees would not likely be an effective sanction. Last, it is premature to determine whether Plaintiff's brief 4-page Complaint is meritorious, although the Court notes that Defendant has raised a number of reasons why Plaintiff's claims should be dismissed (including judicial immunity), and Plaintiff has failed or refused to respond to Defendant's arguments in any way. Moreover, the Court notes that Defendant is also named in two of Plaintiff's other cases, so the claims in this case may be redundant of Plaintiff's claims against Defendant in his other cases. Thus, as the majority of the six *Poulis* factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's claims against Defendant is appropriate here under Rule 41(b) for failure to prosecute.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 11th day of June, 2026, IT IS HEREBY ORDERED that, for the reasons set forth above, this action is DISMISSED pursuant to Rule 41(b) for failure to prosecute. Accordingly, Defendant's Motion to Dismiss (Docket No. 4) is DENIED AS MOOT.

The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  Edward Harold Stevens Wright (via U.S. Mail)
       All counsel of record